IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WALTER LEE WRIGHT,

    Plaintiff,
v.                                CASE NO. 1:15-cv-208-MP-GRJ

SERGEANT EDMOND, et al.,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order. Upon screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court concluded that Plaintiff should be required to file an amended complaint because the original Complaint violated rules governing misjoinder of claims and defendants and failed to state a claim upon which relief may be granted in several respects. *See* ECF No. 5. The Court ordered Plaintiff to file an amended complaint by November 16, 2015. *Id*. Plaintiff filed a motion for relief from that order, which the Court construed as a motion for reconsideration. The motion was denied, and

Plaintiff was afforded an extension until December 21, 2015, to file an amended complaint. ECF No. 7. Plaintiff failed to do so and instead filed a second motion for reconsideration, which has been referred to the undersigned. ECF No. 9. For the reasons stated in the Court's previous order denying reconsideration, the instant motion is due to be denied. Further, for the following reasons, the undersigned recommends that this case be dismissed for failure to comply with an order of the Court, for misjoinder of claims and defendants, and for failure to state a claim upon which relief may be granted.

The Complaint names 11 defendants, all of whom are officials at Cross City CI, where Plaintiff previously was confined, or DOC officials. The Complaint is a classic "shotgun" pleading, reciting a litany of events that occurred while Plaintiff was confined at Cross City CI between April 2012 and January 2013. Plaintiff's allegations include violations of his First Amendment rights for filing grievances, allegedly false disciplinary charges, and deprivation of personal property. ECF No. 1.

Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect

to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there *must* be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate. *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).

Even where joinder is proper, the Court may sever defendants based on considerations of fundamental fairness,

> pursuant to the Court's discretionary authority set forth in Federal Rules of Civil Procedure 20(b) and 21. *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir.1998) (Rule 21 permits the district court "considerable discretion" to dismiss parties "on such terms as are just"); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir.2000) (court may sever claims under Rule 20 if joinder would violate "fundamental fairness" or result in prejudice to either side). Even when the specific requirements of Rule 20 are satisfied, the Court must consider whether permissive joinder "will comport with the principles of fundamental fairness" or cause undue prejudice to any party. *Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir.1980); *see also Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir.1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay).

*Malibu Media, LLC v. John Does 1-5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D. Colo. July 25, 2012).

The mere fact that all of the incidents alleged in the Complaint occurred at the same institution is insufficient to join them in one lawsuit.

The Complaint does not allege facts showing that each of the incidents complained of by Plaintiff are sufficiently related such that they should be joined in one lawsuit.  Under these circumstances, it is clear that allowing this action to go forward against all 11 defendants—who are sued under unrelated theories and based on unrelated events—would create case management problems, would prejudice the defendants, and would be fundamentally unfair.  At the very least, because of the numerous and unrelated occurrences that give rise to these varied claims, it is likely that the defendants will present unique defenses that will require different evidence.  *See Don King Prods., Inc.*, 561 F. Supp. 2d at 192 (where claims against multiple defendants arose from distinct transactions and would give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in one action without paying fees for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel").

Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is not dismissal.  Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  *Id.*  In view of Plaintiff's

*pro se* status, the Court afforded him opportunities to file an amended complaint that identifies only the factually related incident or occurrence that Plaintiff would seek to pursue in this case.  The Court warned Plaintiff that it is not the Court's obligation to sift through his allegations and determine which claim Plaintiff will purse as his "lodestar" claim in this lawsuit.  Because Plaintiff has failed, without justification, to comply with the Court's order to amend, the Complaint is due to be dismissed.

Further, without singling out which claim Plaintiff might pursue in this case, it is clear that some of Plaintiff's allegations fail to state a claim upon which relief may be granted, even if Plaintiff amended the Complaint to exclude unrelated claims.  For example, Plaintiff alleges that prison officials retaliated against him by charging him with false disciplinary violations and then placing him in disciplinary confinement.  Federal courts do not operate as appellate courts for prison disciplinary actions.  "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." *O'Bryant v. Finch*, 637 F.2d 1207, 1215 (11th Cir. 2011).  If Plaintiff was found guilty of any of the charges, the only viable claims concerning a

disciplinary report would be claims asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate notice of the disciplinary charge. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir. 1994)).

Plaintiff has alleged no facts suggesting such procedural defects in the proceedings. Even if he alleged such facts, the resulting punishment imposed upon Plaintiff must amount to a constitutional violation in order to be cognizable in a civil rights case. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995) (recognizing only two instances in which a prisoner may claim a violation of a constitutionally protected liberty interest: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Plaintiff has alleged no facts suggesting that disciplinary confinement amounted to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection). Plaintiff

does not have a liberty interest in being free from disciplinary confinement, and he does not allege that he has lost any gain time as a result of his disciplinary conviction, or that his term of imprisonment was altered in any other way.

Plaintiff also claims that Defendants deprived him of certain personal property. "It is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation." *Edler v. Gielow,* 2010 WL 3958014, at *3 (N.D. Fla. 2010) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1984), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986); *Rodriguez-Mora v. Baker*, 792 F. 2d 1524, 1527 (11th Cir. 1986). Remedies exist in FDOC inmate grievance procedures to contest misplaced or mishandled property and Florida's state law tort remedy (Fla. Stat. § 768.28). Accordingly, Plaintiff cannot maintain a § 1983 claim based on the alleged deprivation of his personal property.

Lastly, Plaintiff requests relief in the form of $50,000 punitive damages against each Defendant, as well as other relief. Plaintiff's

allegations do not suggest that he suffered any physical injury as a result of the claimed violations. Therefore, under the Prison Litigation Reform Act (PLRA), even if Plaintiff were to prevail on any of his First Amendment claims, Plaintiff would be entitled to only nominal damages as compensation – typically $1.00. *See Brooks v. Warden*, ___ F.3d___, 2015 WL 5157339 *10-*11 (11th Cir. 2015). The Court cannot award Plaintiff any injunctive relief in connection with his claims because he is no longer confined at Cross City CI, and therefore any claim for injunctive relief is moot.

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for reconsideration of the Court's Order to file an amended complaint, ECF No. 9, is **DENIED.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for failure to comply with an order of the Court, for misjoinder of claims and parties, and for failure to state a claim upon which relief may be granted. The dismissal of the Complaint for failure to state a claim upon which relief may be granted will operate as a "strike" pursuant

to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 29th day of December 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.