IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WALTER LEE WRIGHT,

    Plaintiff,

v.                                                                                          CASE NO. 1:15-cv-00208-MP-GRJ

SERGEANT EDMOND, et al.,

    Defendants.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 29, 2015. (Doc. 10). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at Doc. 13. I have made a de novo review based on those objections. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.

Plaintiff in this case is a prisoner at Cross City CI who filed a complaint against eleven defendants, all of whom are officials at Cross City CI, where Plaintiff previously was confined, or DOC officials. Claims One, Two and Eleven describe specific acts of alleged retaliation, but do not allege that they are related in any way. Also, the remaining eight claims contain identical boilerplate language that the defendant in each claim knew of retaliation but turned a blind eye to it. These eight claims do not specify which retaliation each defendant knew about or whether

they were related to the retaliation alleged in Claims One, Two and Eleven.

Federal Rule of Civil Procedure 20(a)(2) provides that defendants can be joined together if "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The Rule also provides that there must be a "question of law or fact common to all defendants" in the action.  Here, the original complaint failed to specify how the defendants were jointly liable or how the claims arose out of the same transactions or occurrences or how questions of law or fact would be common to all defendants.

The Magistrate Judge therefore gave the plaintiff the opportunity to amend his complaint to show that joinder was proper.  The plaintiff refused, instead filing two motions to reconsider the Magistrate Judge's order.  Eventually, plaintiff failed to file an amended complaint by the deadline, and so the Magistrate Judge now recommends that the case be dismissed for improper joinder and failure to follow an order of the Court.  The plaintiff objected, arguing that "Plaintiff's 'lodestar' claim is clearly retaliation in violation of Plaintiff's First Amendment rights against each defendant." Doc. 13 at 3.  However, as discussed by the Magistrate Judge, the Complaint does not properly allege that the claims arise out of the same transaction, occurrence or series of such and that a common question of law or fact applies to all defendants.

Thus, it was proper for the Magistrate Judge to order the Plaintiff to amend his complaint.  By failing to do so, plaintiff has failed to follow an order of the Court, and his

complaint continues to improperly join the defendants.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.   This case is dismissed for failure to follow an order of the Court and improper joinder.

**DONE AND ORDERED** this *20th*  day of April, 2016

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge